J-S55019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TEONIA TERRI KIMBRO | : | |
| | : | |
| Appellant | : | No. 295 WDA 2019 |

Appeal from the PCRA Order Entered January 25, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002723-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 1, 2020**

Teonia Terri Kimbro appeals from the order dismissing as meritless her petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Kimbro's counsel has filed a ***Turner/Finley***[1] brief and a petition to withdraw as counsel. We affirm and grant counsel's petition to withdraw.

In January 2017, Kimbro pled guilty to third-degree murder and burglary. 18 Pa.C.S.A. §§ 2502(c) and 3502(a)(1), respectively. The trial court imposed a negotiated sentence of 30 to 60 years' imprisonment. Kimbro did not file a counseled post-sentence motion. Kimbro filed a *pro se* motion,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

which the court did not address because it was a hybrid filing. Kimbro filed a direct appeal, and new counsel was appointed.

Direct appeal counsel filed an **Anders**[2] brief, identifying as one issue possibly supporting the appeal the question of whether the court abused its discretion in sentencing Kimbro. Memorandum, No. 326 WDA 2017, filed Oct. 31, 2017. The claim was that the court failed to "adequately consider her age, her childhood history, her education, her employment history, her expression of remorse, and her cooperation." **Id.** This Court concluded the appeal was wholly frivolous, allowed counsel to withdraw, and affirmed Kimbro's judgment of sentence on September 21, 2017. Kimbro did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

In May 2018, Kimbro filed a *pro se* PCRA petition, alleging trial counsel was ineffective for failing to file a post-sentence motion to modify her sentence and for failing to act on her *pro se* motion. In support of her claim, Kimbro stated that the conviction was her first offense and she was only 18 at the time of the offense. PCRA Petition, filed May 9, 2018, at 7. The PCRA court appointed counsel.

Counsel filed a **Turner/Finley** no-merit letter and a petition to withdraw as counsel, claiming Kimbro's petition was untimely and, even if not untimely, there were no meritorious claims. The PCRA court issued notice of its intent to dismiss the petition without a hearing and, on January 25, 2019,

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

it dismissed the petition, finding Kimbro failed to raise any meritorious issues. The court did not rule on counsel's petition to withdraw. Kimbro filed a timely notice of appeal.

Before this Court, counsel filed a **Turner/Finley** brief and petition to withdraw as counsel. We concluded that counsel failed to comply with the dictates of **Turner/Finley**. Further, because counsel's petition to withdraw on appeal was based solely on his mistaken conclusion that the PCRA petition was untimely, we concluded that Kimbro was effectively deprived of her right to counsel on appeal and remanded for the appointment of new counsel.

On remand, the PCRA court appointed new counsel, and when the case returned to this Court, counsel submitted a **Turner/Finley** brief and a petition to withdraw as counsel.[3] Because counsel failed to inform Kimbro of her immediate right to file a response, either *pro se* or with retained counsel, we remanded and instructed counsel to comply with **Turner/Finley**. Counsel has again filed in this Court a **Turner/Finley** brief and a petition to withdraw as counsel.

When presented with a brief pursuant to **Turner/Finley**, we first determine whether the brief meets the procedural requirements of **Turner/Finley**. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721

_____

[3] The PCRA court also ordered counsel to file an amended petition or a **Turner/Finley** letter in the PCRA court, and counsel complied. The PCRA court then denied the petition again. However, as we remanded only for the appointment of counsel on appeal, and the appeal was still ongoing, we conclude the PCRA court lacked jurisdiction to entertain additional filings related to the 2018 PCRA petition. **See** Pa.R.A.P. 1701(a).

(Pa.Super. 2007). A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner that the petitioner may now proceed *pro se* or retain new counsel. **Wrecks**, 931 A.2d at 721. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. **Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa.Super. 2016).

Here, counsel's **Turner/Finley** brief detailed the nature of the case, listed the issue Kimbro wished to have reviewed, and explained counsel's reasoning for concluding the issue was meritless. Further, counsel sent a copy of the brief and petition to Kimbro, and informed her she "now had the right to proceed *pro se* or with privately retained counsel." Letter from Counsel to Kimbro, dated August 19, 2020. We conclude counsel complied with the dictates of **Turner/Finley** and proceed to address the issue raised in the brief.

Counsel lists the following issue in his **Turner/Finley** brief: "Whether [Kimbro's] trial counsel was ineffective in failing to file a post sentence motion to modify [Kimbro's] sentence of incarceration?" **Turner/Finley** Br. at 4. Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record

- 4 -

and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018).

To establish an ineffectiveness claim, a petitioner must plead and prove that: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011).

The PCRA court noted that on direct appeal this Court addressed Kimbro's underlying claim—that the trial court abused its discretion when imposing sentence. It noted that we concluded that, because Kimbro entered a negotiated guilty plea, she had waived any challenge to the discretionary aspects of her sentence. Trial Court Opinion, Dec. 4, 2018, at 3-4. The PCRA court then found that counsel cannot be deemed ineffective for failing to raise a meritless claim and, therefore, denied the petition as meritless. ***Id.*** at 4.

This was not an abuse of discretion. Kimbro's challenge to the discretionary aspects of her sentence was meritless, and counsel cannot be found ineffective for failing to file a meritless motion. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1211 (Pa. 2006). Further, we have conducted an independent review of the record, and conclude there are no potentially meritorious issues.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2020